IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A013142, | ) | CIVIL NO. 10-00441 DAE-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND ACTION PURSUANT TO 28 |
| vs. | ) | U.S.C. §§ 1915(e)(2) and 1915A(b) |
| | ) | |
| CRIMINAL DEMAND AS SET | ) | |
| FORTH PER INVESTIGATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)</u>**

Before the court is Plaintiff Peter R. Tia's prisoner civil rights

complaint brought pursuant to 28 U.S.C. 1331, *Bivens v. Six Unknown Federal*

*Narcotics Agents*, 403 U.S. 388 (1971), and "All Jurisdictions."  (Compl. 1 ¶ 1.)

Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") and is

proceeding *pro se.*  Because Plaintiff fails to state a claim on which relief can be

granted, his claims are frivolous, and amendment is  the Complaint and action are

DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).[1]

---

[1] Plaintiff filed a similar complaint in Civ. No. 10-00383 SOM, which was dismissed
with thirty days leave to amend on July 20, 2010. (Doc. 8.) The present action initially appeared
to be Plaintiff's attempt to file an amended complaint in Civ. No. 10-00383. The present
Complaint is labeled "Original Complaint," however, and refers to different individuals, alleges
different claims, attaches new exhibits, and refers to Civ. No. 10-00383 as a previously filed
lawsuit that is "Pending investigation" and "Awaiting summary judgment." (*See* Compl. 3 ¶ 3.)
(continued...)

# I.  COMPLAINT

As were Plaintiff's two previous complaints filed in this court, the

present Complaint is a confused, incoherent, rambling, stream-of-conscious

narrative.  Plaintiff names no defendants in the Complaint's caption or body, and in

fact, has completely omitted the form complaint's section providing space to

identify the defendants and their capacity for suit.  Plaintiff's claims are arranged

into Counts I-IV and each Count has attached exhibits, but the court cannot make

sense out of the words Plaintiff sets forth.  Plaintiff apparently seeks an

investigation and prosecution of individuals for violations of the Racketeer

Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*.  He

also seeks the release of his brothers, John and James, who are also presumably in

custody, and protection for his girlfriend, Christina Futi.

# II.  STATUTORY SCREENING

The court is required to screen all complaints brought by prisoners

seeking relief against a governmental entity or an officer or an employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if a plaintiff raises claims that are legally frivolous or malicious,

---

[1](...continued)
Plaintiff also submitted documents in a separate envelope that he wishes filed in Civ. No. 10-
383, on the same day as the present Complaint was received. The court concludes that Plaintiff
intends the present Complaint to initiate a new action.

fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S. Ct. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

> A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Section 1915

> accords judges not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327 (quotations marks omitted)).  A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible "whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327-28); *see Iqbal*, 129 S. Ct. at 1959.  A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely[,]" *Denton*, 504 U.S. at 33, yet, at the same time, a complaint must allege sufficient facts "to state a claim . . . that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Although *pro se* pleadings are liberally construed, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*  If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009). *Accord West v. Atkins*, 487 U.S. 42, 48 (1988).  *Bivens* actions are identical to actions brought pursuant to 42  U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

Plaintiff's Complaint is legally frivolous, fails to state a cognizable claim against any individual, does not comply with the Federal Rules of Civil Procedure or the Local Rules of this court, and seeks relief that is unavailable in this court.  As such, it is DISMISSED.

### A.     Plaintiff's Complaint is Frivolous

Plaintiff's Complaint is essentially incomprehensible.  Although it is possible to identify certain individuals within the Complaint's body and exhibits, it is unclear what conduct these individuals are accused of that caused harm to Plaintiff.  Likewise, although Plaintiff refers to the RICO statute and recites

"legalese," his sentences and accusations make no literal sense.  Nor do the

exhibits submitted with the Complaint give meaning to Plaintiff's claims.  An

incomprehensible claim or complaint is without an arguable basis in law.  *Jackson*

*v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

Moreover, Plaintiff cannot secure his brothers release from prison or

protection for his girlfriend through a civil rights complaint.  He has no standing to

pursue such relief on their behalf, and this court does not have the authority to

order such relief on the basis of Plaintiff's Complaint.  Accordingly, the

Complaint is DISMISSED as legally frivolous.  *Denton*, 504 U.S. at 33.

**B.      Plaintiff's Complaint Fails to State a Claim**

Even if the court could liberally construe the Complaint as alleging

that the numerous individuals whose names are scattered throughout Plaintiff's

Complaint and exhibits somehow violated Plaintiff's rights under the RICO statute,

the Complaint nonetheless is deficient and fails to state a claim.

*1.      Fed. R. Civ. P. 10*

Plaintiff's Complaint fails to list any defendant in its caption or body,

violating Rule 10 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 10(a);

*see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming

dismissal of pro se civil-rights plaintiff's complaint as sanction for plaintiff's

6

failure to amend it to replace "*et al.*," in caption's list of defendants, with actual

names of all additional defendants).  Even a *pro se* prisoner's complaint must

comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of

the action.  *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).  One

cannot become a party without being named and served, and without becoming a

party, one cannot defend.  *See id.* at 552.

While Plaintiff scatters names throughout his Complaint, it is

impossible to determine who is a defendant, who is a victim, or who is named as

background detail only.  As such, the Complaint is fatally deficient and must be

dismissed.

## 2.    *Fed. R. Civ. P. 8*

Under Rule 8, a complaint that "states a claim for relief must contain

. . . a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and

direct.  Fed. R. Civ. P. 8(d)(1).  While Rule 8 does not demand detailed factual

allegations, "it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949.  The court may dismiss a

complaint with the factual elements of a cause of action scattered throughout and

not organized into a "short and plain statement of the claim" for failure to satisfy

Rule 8(a).  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988);

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Plaintiff's Complaint falls far below a short and plain statement

showing his entitlement to relief.  As noted above, it is impossible to determine

who the defendants are and what Plaintiff's specific claims against them entail.

The Complaint cannot be served as written.  If the court were to guess at who

Plaintiff intends to name, it would be impossible for anyone to draft an answer to

the Complaint in its present form.

Moreover, the Complaint does not set forth the barest elements of a

cause of action under RICO, 42 U.S.C. § 1983, or *Bivens*.  Plaintiff provides no

details showing how his rights guaranteed under the Constitution or laws of the

United States were violated.  The Complaint does not comply with Rule 8,

therefore fails to state a claim and must be dismissed.

### 3.   *The Complaint Fails to State a RICO Claim*

To state a civil or criminal RICO claim pursuant to 18 U.S.C.

§ 1964(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a

pattern (4) of racketeering activity.  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,

620 (9th Cir. 2004); *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005); *Ove v.*

*Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473

U.S. 479, 496 (1985).  Plaintiff's Complaint alleges no discernable facts to sustain an allegation of racketeering activity.

A plaintiff must then demonstrate an injury proximately caused by the defendants' racketeering activity to a business or property interest capable of being injured under RICO.  *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008); *Sedima, SPRL*, 473 U.S. at 496 (1985) (A plaintiff in a civil RICO action "only has standing if ... he has been injured in his business or property by the conduct constituting the violation.").  Plaintiff alleges no facts showing that his property or business has been injured by racketeering activity.

### 4.    *No Private Cause of Action for Criminal RICO*

Insofar as Plaintiff is requesting the court or the federal government to investigate and prosecute any individual under the criminal provisions of the RICO Act, as it appears, he lacks standing to do so.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (interest in prosecution of another does not support standing).  Additionally, the violation of criminal statutes rarely provide a private right of action.  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (holding that the California Penal Code does not create enforceable individual rights); *Aldabe v. Aldabe*, 616

F.2d 1089, 1092 (9th Cir. 1980).  To imply a private right of action, there must be

" 'a statutory basis for inferring that a civil cause of action of some sort lay in favor

of someone.'"  *Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort v. Ash*, 422 U .S. 66,

79 (1975)).  As noted above, Plaintiff fails to set forth facts establishing a civil

cause of action, and he has no standing to compel the government to pursue a

criminal cause of action.

## C.  Leave to Amend Is Not Granted

For the foregoing reasons, the Complaint is DISMISSED as frivolous

and for failing to allege facts that sufficiently state a cause of action and failing to

comply with the Federal Rules of Civil Procedure.  This court has carefully

considered whether the Complaint can be cured by amendment.  Plaintiff has

pursued the same type of action, seeking investigation into and instigation of a

RICO prosecution and civil claim, in at least two other actions of which this court

is aware.  *See Tia v. Criminal Investigation Demanded as Set Forth*, Civ. No. 10-

00383 (D. Haw. 2010), and *Tia v. "Illegal Criminal Enterprise*," et al., Civ. No.

02-01046 (D. Ariz. 2002).  Plaintiff was given notice of the deficiencies in his

pleadings in both of these cases, which are strikingly similar to the present

Complaint, and was granted leave to amend.  Plaintiff failed to amend the Arizona

action and it was dismissed without prejudice.  Plaintiff has until August 20, 2010, to amend his pleadings in Civ. No. 10-00383.

Rather than complying with the court's instructions concerning the deficiencies in his claims in his two previous action, Plaintiff chose instead to submit the present Complaint that wholly ignores the court's previous instructions. This court is therefore convinced that granting leave to amend in the present action is futile, both because Plaintiff has shown that he will not or cannot heed the court's instructions and because Plaintiff's claims herein are not amenable to amendment.  Leave to amend in this action is therefore not granted.

**D.     28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## IV.  <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED as frivolous, and for failure to state a claim, and failure to comply with the Federal Rules of Civil Procedure.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)(1).  Specifically, the Complaint: (a) is incomprehensible, thus, legally frivolous; (b) fails to comply with Fed. R. Civ. P. 8 and 10; and (c) otherwise fails to state a claim.  Leave to amend is not granted.

(2) This dismissal shall be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(3) Plaintiff has neither submitted the filing fee nor an in forma pauperis application in this action.  Plaintiff  is NOTIFIED that he may not submit motions, requests or documents in this action until he has either paid the filing fee or submitted a complete *in forma pauperis* application and it has been granted. The court will strike or take no action on any documents that Plaintiff files, other than a notice of appeal, until he has done so. The Clerk is DIRECTED to docket any further pleadings, motions, documents, exhibits, etc. submitted by Plaintiff in this action, **other than a notice of appeal**, as "requests" or "correspondence." Until payment is received, the court will take no action on such requests.  The

12

Clerk is DIRECTED to terminate this action, and to process any notice of appeal filed by Plaintiff in this action in the normal manner.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2010.



_____
David Alan Ezra
United States District Judge

*Tia v. Criminal Demand as Set Forth Per Investigation*, Civ. No. 10-00441 DAE/LEK; ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b) ; pro se attys/Screening /dmp/ 2010 /Tia 10cv441 DAE (FTSC FRIV)

13